# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| James Morgan<br><br>    Plaintiff,<br><br>v.<br><br>Financial Credit Service, Inc.<br>d/b/a Asset Recovery Associates,.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Brunswick, GA at all times relevant to this action.

2. Defendant is a Illinois corporation that maintained its principal place of business in Villa Park, IL at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Credit Acceptance Corporation, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around May 26, 2011, Plaintiff telephoned Defendant.

14. During this communication, Defendant threatened to sue Plaintiff if Plaintiff failed to make payments on the debt.

15. During this communication, Defendant falsely represented that Plaintiff would be responsible for all court costs.

16. During this communication, Defendant threatened to garnish Plaintiff's wages.

17. At the time of these communications, Defendant had neither the intent nor ability to sue Plaintiff or garnish Plaintiff's wages.

18. Defendant caused Plaintiff emotional distress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Defendant violated 15 U.S.C. §1692e5 by threatening to take action that cannot legally be taken or that was not intended to be taken.

21. In support hereof, Plaintiff incorporates paragraphs 13-17 as if specifically stated herein.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Jeffrey S. Hyslip
   Jeffrey S. Hyslip
   233 S. Wacker, Suite 5150
   Chicago, IL 60606
   Telephone: 866-339-1156
   Fax: 312-822-1064
   Email: jsh@legalhelpers.com
   Attorneys for Plaintiff